Edward Karl SCHROEDER,
Petitioner—Appellant,

v.

Gail LEWIS, Deputy Warden,
Respondent—Appellee.

No. 04–15517.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 18, 2004.

Edward Karl Schroeder, Coalinga, CA,
pro se.

John H. Deist, AGCA—Office of the
California Attorney General (SF), San
Francisco, CA, for Respondent–Appellee.

Before: BEEZER, HALL and
SILVERMAN, Circuit Judges.

MEMORANDUM **

Edward Karl Schroeder, California state
prisoner, appeals pro se the district court's
denial of his 28 U.S.C. § 2254 petition
challenging his conviction for possession of
stolen property, indecent exposure, and
sexual battery. We have jurisdiction pur-
suant to 28 U.S.C. §§ 1291 and 2253, and
we affirm.

Schroeder fails to demonstrate that the
state court's adjudication of the merits "re-
sulted in a decision that was contrary to,
or involved an unreasonable application of,
clearly established Federal law, as deter-
mined by the Supreme Court of the United
States." See Penry v. Johnson, 532 U.S.
782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9
(2001). Though inadmissible extrinsic evi-
dence of a prior conviction was admitted
during juror deliberations, the evidence

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

did not have a "substantial and injurious effect or influence" on the verdict. *See Brecht v. Abrahamson,* 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Sassounian v. Roe,* 230 F.3d 1097, 1109–10 (9th Cir.2000). The jury had already reached a verdict on five of the six counts before viewing the extrinsic evidence, the jurors were already aware that Schroeder had prior offenses from trial testimony, the jurors testified they did not consider the extrinsic evidence, and the trial court found that the extrinsic evidence was not sufficiently prejudicial to warrant a new trial. *See Sassounian,* 230 F.3d at 1109–10; *see also Mancuso v. Olivarez,* 292 F.3d 939, 953 (9th Cir.2002) (giving weight to trial court's finding that no new trial was warranted after listening to all the evidence and evidence of juror misconduct).

AFFIRMED.